IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:17CR57–HEH |
| ) | |
| TERRELL SYLVESTER JOHNSON, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
**(Denying 28 U.S.C. § 2255 Motion)**

Petitioner, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 136).[1] The Government has moved to dismiss, asserting that Petitioner's § 2255 Motion is barred by the statute of limitations. (ECF No. 145.) For the reasons set forth below, Petitioner's § 2255 Motion will be denied as barred by the statute of limitations.

**I. PROCEDURAL HISTORY**

Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, fentanyl, and oxycodone and possession of a firearm by a convicted felon. (ECF No. 64, at 1–2.) On November 22, 2017, the Court entered Judgment and sentenced Petitioner to one hundred and forty-four months of imprisonment. (ECF No. 112, at 1–2.) Petitioner did not appeal.

---

[1] The Court employs the pagination assigned to the documents by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in the quotations from the parties' submissions.

On April 12, 2019, Petitioner submitted his § 2255 Motion to prison officials for mailing to this Court. (ECF No. 136, at 12.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

In his § 2255 Motion, Petitioner contends that he is entitled to relief on the following grounds:

| | |
|---|---|
| Claim 1 | "Involuntary Plea. Petitioner was not fairly apprised of consequences of plea. Was not made aware that appeals were not being made." (ECF No. 136, at 4.) |
| Claim 2 | "Ineffective Assistance of Counsel – Conflict of Interest. Attorney failed to file appeals, and included waivers unknown to Petitioner." (*Id.* at 5.) |
| Claim 3 | "Ineffective Assistance of Counsel – Failure to advocate. Counsel failed to subject the prosecution's case to meaningful adversarial testing. Counsel took the first plea offer without any resistance. Counsel failed to advocate for Petitioner's benefit." (*Id.* at 7.) |
| Claim 4 | "Ineffective Assistance of Counsel – Counsel refused to file a direct appeal. Petitioner had the right to file a direct appeal and requested counsel to do so. Counsel refused to file a direct appeal and denied Petitioner that right." (*Id.* at 8.) |

On December 20, 2019, Petitioner moved to amend his § 2255 Motion to include a claim that he was entitled to relief under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 154.) Specifically, in proposed Claim 5, Petitioner contends that he "'knew he possessed a firearm,' but not 'that he knew he belonged to the relevant category of persons barred from possessing a firearm.'" (ECF No. 154, at 5 (citation omitted).) For the reasons set forth below, Claims 1 through 4 will be dismissed because they are barred by the relevant statute of limitations. Additionally, the Court denies Petitioner's Motion to Amend as futile because his proposed Claim 5, is

2

procedurally defaulted and lacks merit. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citation omitted) (observing that leave to amend is appropriately denied where it would be futile to permit the amendment).

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under 28 U.S.C. § 2255(f)(1), Petitioner's judgment of conviction became final on Wednesday, December 6, 2017, the last date to file a notice of appeal. *See United States v. Clayton*, No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va.

3

May 2, 2005)). Hence, Petitioner had until Thursday, December 6, 2018 to file any motion under 28 U.S.C. § 2255. Because Petitioner did not file his § 2255 Motion until April 12, 2019, the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). Unless Petitioner demonstrates a viable basis for a belated commencement of the limitation period or any equitable reason for not enforcing the limitation period, the action is barred by the statute of limitations.[2]

Petitioner contends that his "motion is timely in light of *Garza v. Idaho*, No. 17–1026 (2019) U.S. Supreme Court decision, that holds a defendant has a right to a direct appeal. Regardless of waivers or lack of merit. Furthermore, only recently was Petitioner made aware of his right to file a 2255 motion, in light of plea agreement. These are newly recognized rights . . . pursuant to the Supreme Court." (ECF No. 136, at 11.)

Petitioner, apparently, contends that he is entitled to a belated commencement of limitation under 28 U.S.C. § 2255(f)(3) in light of the Supreme Court decision in *Garza v. Idaho*, 139 S. Ct. 738 (2019).[3] That provision provides for a belated commencement of the limitation period until "the date on which the right asserted was initially recognized

---

[2] The Court notes that this is not an instance where Petitioner might be entitled to a belated commencement of the limitation period because counsel misled him into believing an appeal had been filed. *See, e.g., Roberts v. Clarke*, No. 3:13CV500–HEH, 2014 WL 2468494, at *3 (E.D. Va. June 2, 2014). Here, Petitioner states that in response to his request that counsel file an appeal, counsel "refused" to file an appeal. (ECF No. 136, at 8.)

[3] In *Garza*, the Supreme Court held that an attorney performs ineffectively by failing to file a notice of appeal upon a client's request, even if the client had signed an appeal waiver. *Garza*, 139 S. Ct. at 747.

by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). "*Garza* did not announce a new [right] . . . and the Supreme Court has not held that it is retroactively applicable to cases on collateral review." *Whiteside v. United States*, No. 20–6144, 2021 WL 1400908, at *2 (6th Cir. Feb. 12, 2021) (internal citation omitted) (citing *Tyler v. Cain*, 533 U.S. 656, 663 (2001)). Accordingly, Petitioner is not entitled to a belated commencement of the limitation period.

The Court also interprets Petitioner to argue that he is entitled to equitable tolling of the limitation period because he was unaware of his right to file a § 2255 motion. "[I]gnorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Petitioner's 28 U.S.C. § 2255 Motion (ECF No. 136) will be denied as barred by the relevant statute of limitations.

### III. PROPOSED CLAIM 5

Petitioner pled guilty to possession of firearm by a convicted felon. Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. A separate provision, 18 U.S.C. § 924(a)(2), requires that anyone who "knowingly violates" § 922(g)(1) shall be fined or imprisoned for up to ten years. In *Rehaif*, the

Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. at 2197. Accordingly, *Rehaif* held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (emphasis added).[4]

Relying on this holding, Petitioner contends that his plea colloquy was defective because he was not informed that the Government had to prove knowledge of prohibited status. Petitioner suggests that, because he was unaware of this element of the § 922(g)

---

[4] In *Rehaif*, a jury convicted the defendant of being an alien unlawfully in the United States in possession of firearms in violation of § 924(g)(5) and § 924(a)(2). 139 S. Ct. at 2194. As explained by the United States Supreme Court:
> Petitioner Hamid Rehaif entered the United States on a nonimmigrant student visa to attend university. After he received poor grades, the university dismissed him and told him that his "'immigration status'" would be terminated unless he transferred to a different university or left the country. Rehaif did neither.
>
> Rehaif subsequently visited a firing range, where he shot two firearms. The Government learned about his target practice and prosecuted him for possessing firearms as an alien unlawfully in the United States . . . .

*Id.* at 2194 (internal citations omitted). During his trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted). The Court overruled the objection, the jury found him guilty, and Rehaif was sentenced to 18 months of incarceration. *Id.* The Eleventh Circuit affirmed his conviction and sentence. *Id.* at 2195. The United States Supreme Court reversed, holding that: "To convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

offense, his plea was not knowing and voluntary and his conviction must be vacated.[5]

However, as discussed below, Claim One is procedurally defaulted, and barred from review here absent a showing of cause and prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal."). The Court need not determine whether Petitioner could show cause, because he clearly suffered no actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982).

---

[5] Petitioner does not specifically argue that *Rehaif* requires that the Government must also prove that he knew his conviction for a crime punishable by a term of imprisonment exceeding one year accorded him a status barring him from legally possessing a firearm. However, to the extent that he had, that contention lacks merit. *Rehaif* does not require the Government to prove that Petitioner knew his possession of a firearm was unlawful in addition to proving he "knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. To the contrary, "the scope of a defendant's knowledge as required by *Rehaif* does not extend beyond the defendant's relevant status (that he was a felon . . . )." *United States v. Jackson*, No. 3:17–810–CMC, 2021 WL 694848, at *8 (D.S.C. Feb. 23, 2021) (quoting *Rehaif*, 139 S. Ct. at 2194). Although the Fourth Circuit has not weighed in on this argument, four circuit courts have agreed that after *Rehaif*, "the Government must prove only that [the defendant] knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups enumerated in § 922(g)," *United States v. Singh*, 979 F.3d 697, 728 (9th Cir. 2020), —not that "he knew his status prohibited him from owning a firearm." *Id.* at 727; *see also United States v. Maez*, 960 F.3d 949, 945–55 (7th Cir. 2020) *petition for cert. filed*, Nos. 20–6129, 20–6226, 20–6227 (U.S. Oct. 19, 2020 & Oct. 28, 2020); *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020); *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 2572 (2020); 140 S. Ct. 814 (2020).

In order to demonstrate prejudice, Petitioner must show "a reasonable probability that, but for [the alleged] errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004) (explaining that defendant can only establish a Rule 11 error affected his substantial rights by "show[ing] a reasonable probability that, but for the error [at his plea hearing], he would not have entered the plea"). Notably, Petitioner does not argue that, but for the *Rehaif* error, he would have pled not guilty and insisted on proceeding to trial. For this reason alone, Petitioner has failed to meet his burden of establishing actual prejudice. *See Greer v. United States*, 141 S. Ct. 2090, 2097 (2021).

Moreover, the undisputed evidence establishes that the Government would have easily demonstrated that Petitioner was aware of his prohibited status. As the Court inferred in *Rehaif*, the Government's obligation to prove a defendant's knowledge of his status as a convicted felon is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." 139 S. Ct. at 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)); *see United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."), *petition for cert. filed*, No. 20–5489 (U.S. Aug. 25, 2020).

In *Rehaif*, the Supreme Court addressed "what it means for a defendant to know he has 'violate[d]' 922(g)." 139 S. Ct. at 2195. The Supreme Court set forth four elements that makes possession of a firearm or ammunition unlawful: "(1) a status element (in this case, [being a felon with a sentence of imprisonment of more than one year]); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." *Id.* at 2195–96. Only element (1) is at issue in the present case: whether Petitioner was aware that he was a felon with a sentence of more than a year at the time he possessed the firearm. Fairly compelling evidence reflects that Petitioner knew of his felon status at the time of the firearm offense and the Government easily would have proven that fact if he had insisted on proceeding to trial. *Cf. Greer*, 141 S. Ct. at 2100 ("In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."). Namely, Petitioner had been convicted of possession of a controlled substance in the Circuit Court for King George County and sentenced to 3 years of imprisonment with 2 years suspended. (ECF 95 ¶ 65.) Moreover, the record lacks any evidence suggesting that Petitioner would not have pled guilty if he had known that such proof of prohibited status was required.[6]

---

[6] Petitioner received a three-level reduction in his Offense Level for timely acceptance of responsibility. (ECF No. 95 ¶¶ 57–58.) If Petitioner had instead proceeded to trial, he faced a statutory sentence of up to life imprisonment and would have lost the benefit of that three-point reduction, resulting in a sentencing guidelines range of 210 to 262 months. Thus, Petitioner would likely have received more than the 144-month sentence he received. In exchange for

9

Therefore, Petitioner cannot show any actual prejudice. This same information dispels any suggestion that Petitioner's actual innocence could excuse his default. Accordingly, the Court will deny Petitioner's Motion to Amend (ECF No. 154).

## IV. CONCLUSION

Petitioner's Motion for Extension of Time (ECF No. 147) will be granted and the Court will consider his response received on August 8, 2019. (ECF No. 148.) Petitioner's § 2255 Motion (ECF No. 136) will be denied. The Government's Motion to Dismiss the § 2255 Motion (ECF No. 145) will be granted. The Motion to Amend (ECF No. 154) will be denied. Petitioner's Motion for a Subpoena Duces Tecum (ECF No. 139) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: SEPT 13, 2021
Richmond, Virginia

---

Petitioner's guilty plea, the Government agreed to *nol prosse* the other counts of the Indictment against Petitioner, including Count Sixteen, charging possession of a firearm in furtherance of drug trafficking offense. (ECF No. 14, at 8–9; ECF No. 64, at 11.) Accordingly, no reasonable defendant in Petitioner's position, would have insisted on proceeding to trial when he almost certainly would have been convicted and received a longer sentence.